**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY L. BROOKINS, | ) Case No. CV 18-4038-FMO (JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND |
| | ) RECOMMENDATIONS OF U.S. |
| CHRISTIAN PFEIFFER, Warden, | ) MAGISTRATE JUDGE |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that Respondent's motion to dismiss be granted and this action be dismissed with prejudice. On February 8, 2019, Petitioner filed Objections to the R. & R.

The Objections largely reargue the merits of Petitioner's contention that he is actually innocent and therefore should be excused from complying with AEDPA's one-year limitation period. (See Objs. at 1-9.)[1] In support of that argument, he alleges

---

[1] The Court uses the pagination generated by its Case Management/Electronic Case Filing system.

1

that he "never did admit shooting Azell Moore while in court nor was [he] willing to plea bargain for shooting Azell Moore." (Id. at 3.) But as the Magistrate Judge observed in her R. & R., he did in fact admit to shooting Moore, on the record in open court.[2] (See R. & R. at 30; see also Lodged Doc. 29 at 17-18.) He also pleaded guilty to first-degree murder (see R. & R. at 30; Lodged Doc. 29 at 19), evidently in exchange for other charges being dropped and for a sentence that would allow him to become eligible for parole (see R. & R. at 30; Lodged Doc. 29 at 14, 21). As the Magistrate Judge also noted in the R. & R. when addressing similar discrepancies between Petitioner's allegations and the court transcripts (see R. & R. at 37), the record directly contradicts his allegations, and he has never offered any evidence to support his claims that he did not shoot Moore, did not plead guilty, or was charged with "G.T.A.," presumably referring to the theft of Moore's car (see, e.g., Objs. at 2; R. & R. at 21 & n.15, 22, 34-35; Opp'n at 2). His claims that the transcripts have been "redacted" (see, e.g., Objs. at 2) are similarly not supported by any evidence. His objection based on his allegedly never having admitted to any crimes or pleaded guilty is thus without merit.[3]

---

[2] Elsewhere, Petitioner seems to acknowledge that he admitted in open court to shooting Moore but adds that "there are many cases where people have claimed to commit crimes which were untrue, rather its [sic] for publicity, notoriety, media, press attention, copy cat murder, crimes, etc[.], etc[.,] and this case was in the press." (Objs. at 6.) He does not further explain.

[3] Petitioner also alleges some sort of law-enforcement conspiracy to "railroad" him (Objs. at 3), based in part on the disposition of Los Angeles County Superior Court case number

2

The Objections argue for the first time that Petitioner did not rape or orally copulate Coleen Hawkins. (See Objs. at 2, 8.) But again, he admitted to doing just that on the record in open court. (See R. & R. at 5; Lodged Doc. 29 at 17-18.) Moreover, the Petition and Petitioner's opposition and supplemental opposition nowhere denied or even addressed his sex-crime convictions, and as noted by the Magistrate Judge, his claims did not appear to arise from them. (See R. & R. at 5 n.7; see also generally Pet. at 3-4, 17-23, 37-40; Opp'n; Suppl. Opp'n.)

To the extent the Court has jurisdiction to consider Petitioner's new claim that he is innocent of the sex offenses against Hawkins, see Akhtar v. Mesa, 698 F.3d 1202, 1208 (2012) (court has discretion to refuse to consider new arguments raised in objections to R. & R.); United States v. Howell, 231 F.3d 615, 621-23 (9th Cir. 2000) (district court may refuse to consider factual allegations raised for first time in objections to R. & R. when petitioner could have made them earlier but elected not to do so), it declines to do so because Petitioner could have raised the claim earlier and did not (see, e.g., R. & R. at 5 n.7); cf. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (court need not consider habeas claims raised for first

---

A389341, in which he was convicted of gang-raping another inmate during his pretrial detention in 1983 (see id. at 3-6). He challenged that conviction in a habeas petition in this Court, see Barry Brookins v. State of California, No. 2:18-cv-00306-JPR (C.D. Cal. filed Dec. 21, 2017), which denied it as untimely on September 11, 2018. If he wishes to appeal that denial, he must obtain permission to do so from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A). He may not attempt to circumvent that requirement by using his Objections in this case as a de facto appeal of the denial of his other petition.

time in traverse), and in any event it is likely unexhausted and appears meritless, see Navarro v. Harrington, No. CV 10-4765 ODW (FFM)., 2012 WL 3071503, at *1 (C.D. Cal. July 27, 2012) (declining to consider new claim raised in objections to R. & R. because analysis in R. & R. was "equally applicable" to it). His objection on that ground is therefore not well taken.

Petitioner also reiterates his allegation that he is innocent because he was not present when Hawkins was shot and killed and instead was "with his kids['] mother all night." (Objs. at 9.) He claims that because of a last-minute change in his "court date," "none of [his] family" was able to appear to support his alibi. (Id.) He has never submitted any evidence of that, and in any event, as the Magistrate Judge observed, his presence at the murder scene was not required for him to be guilty on a felony-murder[4] or direct-aiding-and-abetting theory. (See R. & R. at 33-34, 35-36; see also generally Objs. (attaching voluminous exhibits, none of which support his alibi or other

---

[4] Felony murder is defined in California Penal Code section 189. That provision was amended effective January 1, 2019, to restrict the circumstances under which a coparticipant in an underlying offense may be found guilty of murder on a felony-murder or natural-and-probable-consequences theory; another new statutory provision allows sentencing courts to grant retroactive relief to defendants convicted of murder who do not meet the revised criteria. See Penal Code §§ 189(e), 1170.95 (eff. Jan. 1, 2019). Petitioner has not addressed the changes to the Penal Code or argued that they apply to him. In any event, any such argument must first be presented to the state courts. Accordingly, the Court considers the law on felony murder as it existed when Petitioner was convicted.

4

innocence arguments).)[5]  This objection thus fails as well.

The exhibits to the Objections consist of dozens of pages of documents relating to Petitioner's mental health while incarcerated (see Objs. at 11-12, 17-73), in support of what appears to be a new claim for equitable tolling (see id. at 10, 13-16).[6]  Petitioner evidently does not object to the Magistrate Judge's findings on his lack of entitlement to statutory tolling or a later trigger date, or on the unavailability of equitable tolling based on an alleged delay in his receiving copies of transcripts and a probation report.  (See R. & R. at 14-23.)

As an initial matter, Petitioner nowhere cited any health concern, mental or otherwise, as a basis for equitable tolling in opposing Respondent's motion to dismiss.  (See generally Opp'n; Suppl. Opp'n.)  But even if the Court exercises its discretion to consider the new arguments and supporting evidence, see Akhtar, 698 F.3d at 1208, they are not enough to render the Petition timely.

"[E]ligibility for equitable tolling due to mental

---

[5] The Petition based its actual-innocence argument in part on People v. Chiu, 59 Cal. 4th 155, 166-67 (2014) (holding that aiders and abettors may not be convicted of first-degree murder on natural-and-probable-consequences theory).  (See, e.g., Pet. at 37.)  The Objections nowhere mention Chiu.

[6] Petitioner also attaches documents relating to various physical-health problems but does not explain how any of those problems would have interfered with his ability to timely file a federal petition, and no such explanation is apparent to the Court.  (See, e.g., Objs. at 11-12 (2007 report on x-ray of Petitioner's spine, showing "no definite abnormalities"), 32 (2010 complaint of hand weakness after surgery on pinkie finger), 33-34 (2011 follow-up after testicular surgery in which Petitioner complained of pain and "change in urination and sexual climax").)

5

impairment requires the petitioner to meet a two-part test." Bills v. Clark, 628 F.3d 1092, 1099 (9th Cir. 2010). First, the petitioner must demonstrate that either he "was unable rationally or factually to personally understand the need to timely file" or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." Id. at 1099-100. Then, he must "show diligence in pursuing the claims to the extent he could understand them," but that his mental impairment prevented him from meeting the filing deadline "under the totality of the circumstances, including reasonably available access to assistance." Id. at 1100.

The Magistrate Judge found, and Petitioner has not disputed, that his AEDPA limitation period expired on April 24, 1997. (See R. & R. at 19.) He alleges that at an unspecified time, presumably before 1991, he "was a heavy user of the drug P.C.P. and this drug is very known to impair reasonable judgement which can last for a lifetime." (Objs. at 13.) In 1991, he evidently complained to a prison doctor of "peripheral shadows, lights blinking, sleep disturbance," "paranoid thoughts," and "[h]allucinations" and reported his long-term PCP use. (Id. at 18.) Petitioner alleges that his mental state "appeared to be worsening" by 1999, purportedly because of an "ongoing conspiracy . . . since 1997" to "make [him] admit/confess" to the offenses challenged in this action. (Id. at 13.) But he alleges no facts as to his mental health during the statutory period, which ran from April 24, 1996, to April 24, 1997 (see R. & R. at 19), and the next medical record attached to his Objections dates from August 9, 1999, well after the statute of limitations had run

6

(see Objs. at 13-15, 44). It therefore could not have reinitiated it, see Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (§ 2244(d) does not permit reinitiation of limitation period after it has expired); Marroquin v. Harman, No. CV 12-8667-DDP (RNB)., 2013 WL 6817649, at *6 (C.D. Cal. Dec. 20, 2013) (applying Ferguson in context of equitable tolling), and even if it could have, that document in no way shows that Petitioner met the standard articulated in Bills, 628 F.3d at 1099-100. To the contrary, it contains no information on any hallucinations or aftereffects of PCP that Petitioner may have experienced and states that he "[was] not interested" in mental-health treatment and "may request services of Mental Health in the future," but "[a]t this point there [was] nothing to offer [him]." (Objs. at 44.)[7] To the extent Petitioner objects to the R. & R.'s equitable-tolling analysis because of supposed mental-health difficulties, that objection is without foundation.

Having reviewed de novo those portions of the R. & R. to

---

[7] Nor do Petitioner's other exhibits, which also postdate the statutory period, support his allegations of mental incapacity. (See, e.g., Objs. at 20 (Dec. 1999 report making no diagnosis and requesting only that Petitioner "be interviewed by Medical Staff regarding his mental stability"), 22 (June 2001 "progress notes" showing that Petitioner was housed at CCCMS level of care — the lowest level available in the CDCR mental-health-care system, see Haughton v. Sherman, No. EDCV 16-251-DOC (GJS), 2016 WL 7167905, at *7 n.4 (C.D. Cal. Oct. 19, 2016), accepted by 2016 WL 7167924 (C.D. Cal. Dec. 7, 2016)), 37 (2007 progress notes stating that Petitioner had "[n]o major mental disorder" and did not need mental-health follow-up), 39 (2004 progress notes indicating that Petitioner was not receiving any mental-health services and "will be continued as G[eneral] P[opulation]), 50 (2018 CDCR health-care-services report stating that Petitioner "denied any distress related to his mental health" and "d[id] not feel he needs mental health services).)

which Petitioner objects, the Court agrees with and accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that Respondent's motion to dismiss is granted and the Petition be dismissed with prejudice as untimely.

DATED: March 1, 2019

_____/s/_____
FERNANDO M. OLGUIN
U.S. DISTRICT JUDGE